# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

William J. Kinnamon, Jr.,
Executor

v.

Patricia Hastings et al.

December 29, 1989

Case No. CH89-130

## By JUDGE WILLIAM H. LEDBETTER, JR.

The issue in this case is whether bequests of money, to be paid "from the proceeds of life insurance on [the testator's] life," are adeemed if the insurance funds are insufficient to pay them.

Gerald Edward Bankenbush died testate on February 16, 1988. The will has been probated and William J. Kinnamon, Jr., has qualified as executor in the Clerk's Office of this court.

In pertinent part, Item Two of the will provides as follows:

> Item Two: I give the following property to the following persons . . . .
>     C. Fifty Thousand Dollars ($50,000) from the proceeds of life insurance on my life as follows: Ten Thousand Dollars ($10,000) to my brother, Bernard Bankenbush; Ten Thousand Dollars ($10,000) to my brother, William Bankenbush; Ten Thousand Dollars ($10,000) to my sister-in-law, Carmellia DeCino; Ten Thousand Dollars ($10,000) to my sister-in-law, Della DiPilla; and Ten Thousand Dollars ($10,000) to my sister-in-law, Stella Baughman.

In addition to these bequests, the testator bequeathed two shares of stock to another beneficiary and $6,000 cash to two other beneficiaries. Then, he directed that the residue of his estate be divided among nine persons according to specified percentages ranging from 5% to 35%. (None of the residuary beneficiaries takes under Item Two C of the will.)

At the testator's death, only $20,000 of life insurance was payable to his estate. Thus, the fund referred to in Item Two C is not sufficient to satisfy those bequests.

The executor instituted this suit for advice and direction on August 16, 1989, asking the court to determine the proper disposition of the bequests set forth in Item Two C of the will. All necessary parties have been joined and served. Pursuant to notice, an ore tenus hearing was held on December 14, 1989, and the matter was taken under advisement.

### Applicable Legal Principles

Legacies, also known as bequests, are generally divided into three classes.

(1) A general legacy is one designated by quantity or amount and may be satisfied out of the general assets of the estate without regard to a particular fund or thing. It is a legacy with regard to which the testator expresses no intention beyond the intention that it be paid.

Courts favor general legacies; in fact, a legacy designated primarily by quantity or amount is prima facie a general legacy.

The Bankenbush will furnishes two examples of a general legacy. Item Two B is a bequest of $6,000 cash, a general legacy, to be satisfied out of the general assets of the estate. The residuary clause, Item Three, contains general legacies.

(2) A specific legacy is a bequest of a particular, individualized article or thing, set apart from the balance of the testator's property. It is a gift of a specific article distinguished from all others.

The Bankenbush will also furnishes an example of a specific legacy. In Item Two A, the testator bequeathed two shares of specified corporate stock.

(3) A demonstrative legacy is in the nature of both a specific legacy and a general legacy. It is a bequest of a sum of money, or of quantity or amount having a pecuniary value and measure, but made payable primarily out of a particular fund or property belonging to or assumed to belong to the testator.

See, 20 M.J., *Wills*, § 144; 2 Harrison, *Wills and Administration* (3rd Edition 1986) § 412 and § 413.

The proper classification of a legacy is important for many reasons.

Specific legacies are subject to "ademption"; in other words, these gifts are extinguished if the particular thing is not in existence at the testator's death. The rule does not apply to general legacies, which are not gifts of particular things but instead are payable out of the general assets of the estate.

If the assets of the estate are not sufficient to pay debts, legacies "abate." General legacies abate first, pro rata among themselves, then specific legacies abate. If the estate is insufficient to satisfy both types of legacies, general legacies abate first.

Despite confusing language in some of the early Virginia cases, the leading authorities on the subject agree that a demonstrative legacy partakes of the double character of a specific legacy and a general legacy and enjoys the advantages of both without the drawbacks of either. Harrison, *supra*, page 378. As explained by Minor:

> The pointing out of the fund is supposed to be suggestive of peculiar solicitude on the part of the testator that his bounty should take effect, and therefore demonstrative legacies are endowed with all the privileges which appertain to specific legacies as to abatement in order to pay debts, and are not, on the other hand, liable to be adeemed by the loss of the fund or its collection by the decedent in his lifetime. Minor, *3rd Min. Inst.* 589.

*Decision*

The question, then, phrased in terms used by the leading textwriters and authorities, is whether the bequests

in Item Two C of the will are specific or demonstrative legacies. As Harrison and Minor explain it, if the bequests are specific, *i.e*, gifts of a particular individualized article set apart from the balance of the estate, they are subject to ademption, or partial ademption, if the thing (the insurance proceeds) does not exist or is not sufficient to satisfy the legacy. If, on the other hand, the bequests are demonstrative legacies, the rule of ademption does not apply, and the bequests are to be paid out of the general estate insofar as the fund primarily liable is inadequate. *Also see, Morriss v. Garland*, 78 Va. 215 (1883).

As noted above, "courts favor general or demonstrative legacies rather than specific legacies." Harrison, *supra*, page 374. The reason for the preference, of course, if to avoid an ademption in which case the object of the testator's bounty takes nothing, or, in the case of a partial ademption, less than the testator intended.

The wording of the will is of particular significance. The testator gave "Fifty Thousand Dollars ($50,000)" to five named beneficiaries, each to receive the sum of $10,000. The testator directed that the gifts be made "from the proceeds of life insurance on my life . . . ." This language contrasts sharply, for example, with a gift of "the proceeds of my life insurance policies, to be divided as follows . . . ." The latter bequest would be a specific legacy, *i.e*, the gift of a particular thing, to be divided among five named beneficiaries. But here, the gifts are *not* of a particular thing. Rather, they are gifts of equal shares of $50,000 to five beneficiaries. The source of funds for the gifts, not the gifts themselves, is the life insurance.

Considering the above-stated presumption in favor of demonstrative legacies, and the expressions of the testator in the will, the court is of the opinion that the bequest of $50,000 in Item Two C of the will is a demonstrative legacy. The provision is a gift of a sum of money, not in itself specific, made payable *primarily* out of a particular fund. The source of the fund is more a matter of convenience or demonstration than a limitation.

Accordingly, the legacies in Item Two C are to be satisfied out of the general assets of the estate insofar as the life insurance proceeds are inadequate.